UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____
:
Jeremy Viles,                                              :
                                                                    :
                    Plaintiff,              : Case No.: 1:13-CV-0060(NAM/CFH)
                                                                    :
v.                                                                :
                                                                    :
Stuart Allan & Associates, Inc.; and         :
DOES 1-10, inclusive,                              :
                                                                    :
                    Defendants.          :
_____ :

## STUART ALLAN & ASSOCIATES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

NOW COMES Defendant, Stuart Allan & Associates, Inc. ("SAA"), through counsel and submits this Answer and Affirmative Defenses to the First Amended Complaint filed by Jeremy Viles ("Plaintiff"), and states:

## JURISDICTION

1.    SAA admits that plaintiff purports to bring this action for damages for alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (FCRA) but denies any and all liability, damages, and wrongdoing under the law.

2.    SAA admits the allegations alleged in ¶ 2 for jurisdictional purposes only.

3.    SAA admits the allegations alleged in ¶ 3 for venue purposes only.

## PARTIES

4.    SAA denies the allegations in ¶ 4 for lack of knowledge or information sufficient to form a reasonable belief as to the truth therein.

5. SAA admits that it is a business entity and has an office at the address alleged. SAA admits that when it acts as a debt collector as defined by the Fair Debt Collection 15 U.S.C. § 1692a(6), its debt collection activities may be governed by certain provisions of federal law. SAA further admits that when it acts as a furnisher as defined by 15 U.S.C. § 1681s-2, its activities may be regulated by certain provisions of the Fair Credit Reporting Act. Except as specifically admitted, SAA denies the remaining allegations in ¶ 5.

6. SAA denies the allegations in ¶ 6 for lack of knowledge or information sufficient to form a reasonable belief as to the truth therein.

7. SAA denies the allegations in ¶ 7 for lack of knowledge or information sufficient to form a reasonable belief as to the truth therein.

## FACTUAL ALLEGATIONS

8. SAA denies the allegations in ¶ 8.

9. SAA denies the allegations in ¶ 9.

10. SAA denies the allegations in ¶ 10.

11. SAA admits only that its records reflect that plaintiff sent certain letters to SAA and that those letters speak for themselves. Except as specifically admitted, SAA denies the allegations in ¶ 11.

12. SAA denies the allegations in ¶ 12 for lack of knowledge or information sufficient to form a reasonable belief as to the truth therein.

13. SAA denies the allegations in ¶ 13 for lack of knowledge or information sufficient to form a reasonable belief as to the truth therein.

14. SAA admits only that it was made aware of plaintiff's dispute. Except as specifically admitted, SAA denies the allegations in ¶ 14.

15. SAA denies that plaintiff tendered uncontroverted proof of payment and therefore denies the allegations in ¶ 15.

16. The allegations in ¶ 16 are not directed at SAA, therefore, no answer is required. To the extent that an answer is necessary, SAA denies the allegations in ¶ 16 for lack of knowledge or information sufficient to form a reasonable belief as to the truth therein.

17. SAA denies the allegations in ¶ 17.

## COUNT I

18. SAA incorporates its answers to ¶¶ 1-17 as if fully stated herein.

19. SAA denies the allegations in ¶ 19.

20. The allegations in ¶ 20 are not directed at SAA, therefore, no answer is required. To the extent that an answer is necessary, SAA denies the allegations in ¶ 20 for lack of knowledge or information sufficient to form a reasonable belief as to the truth therein.

21. The allegations in ¶ 21 are not directed at SAA, therefore, no answer is required. To the extent that an answer is necessary, SAA denies the allegations in ¶ 21 for lack of knowledge or information sufficient to form a reasonable belief as to the truth therein.

22. SAA denies the allegations in ¶ 22.

23. SAA denies the allegations in ¶ 23.

24. SAA denies the allegations in ¶ 24.

25. SAA denies the allegations in ¶ 25.

SAA further denies that Plaintiff is entitled to the relief requested in the paragraph entitled "Prayer for Relief".

AND NOW, in further Answer to the Complaint, Defendant SAA avers as follows:

## FIRST AFFIRMATIVE DEFENSE

One or more of the counts/grounds in plaintiff's Complaint fails to state a claim against SAA upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

To the extent that SAA violated the FCRA, which is expressly denied, any putative violation was the result of negligence, and not a willful violation.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff did not sustain any actual damages as a result of any wrongdoing or violations of the law committed by SAA

## FOURTH AFFIRMATIVE DEFENSE

Assuming that Plaintiff suffered any damages, which is expressly denied, he has failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages.

## FIFTH AFFIRMATIVE DEFENSE

Assuming that Plaintiff suffered any damages, which is expressly denied, any harm suffered by Plaintiff was legally and proximately caused by persons or entities other

than SAA and were beyond the control or supervision of SAA or for whom SAA was and is not responsible or liable.

WHEREFORE, Defendant, Stuart Allan & Associates, Inc. requests that the Court dismiss this action with prejudice and grant it any other relief that the Court deems appropriate.

Respectfully Submitted,

/s/ Aaron Easley
Aaron Easley, Esq.
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
200 Route 31 North, Suite 203
Flemington, NJ 08822
Telephone:   (908) 751-5940
Facsimile:    (908) 751-5944
aeasley@sessions-law.biz
*Attorneys for Defendant,*
*Stuart Allan & Associates, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2013, a true and correct copy of the foregoing was served via CM/ECF electronic filing on the following:

Sergei Lemberg, Esq.
Lemberg & Associates, L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT  06905


/s/ Aaron Easley
Attorney for Defendant,
Stuart Allan & Associates, Inc.